UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-01452 JAK (SSx) | Date | April 8, 2015 |
|----------|--------------------------|------|----------------|
| Title | Eagle Vista Equities, LLC v. Ricardo Vielma, et al. | | |

Present: The Honorable     JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---------------|--------------|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:     (IN CHAMBERS) ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION (DKTS. 6, 8)     (JS-6)

I.     **Factual and Procedural Background**

On December 23, 2014, Eagle Vista Equities, LLC ("Plaintiff") brought an unlawful detainer action against Ricardo and Sandra Vielma ("Defendants") in the Los Angeles Superior Court. Compl., Dkt. 1 at 6. Plaintiff alleges that it purchased real property ("Property") at a foreclosure sale on December 1, 2014, but that Defendants, who may have previously held title to the Property, continue to occupy it without permission. *Id.* ¶¶ 4, 10-11. Plaintiff seeks restitution and possession of the Property as well as damages at a reasonable rental rate. *Id.* at 8. Also on December 23, 2014, Defendants (as plaintiffs) brought a separate action against Plaintiff and several other parties (as defendants) for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in connection with the foreclosure of the Property. LA CV14-9807-JAK (SSx). The motions to dismiss brought by the defendants in that action are scheduled to be heard on April 27, 2015. *Id.* Dkt. 41.

Defendants, who claim they were served "on or about" the date the Complaint was filed, removed the action on February 27, 2015. Dkt. 1 at 1. In their Notice of Removal, Defendants, who are self-represented, claim federal jurisdiction exists under the Fourteenth Amendment. *Id.* at 2. After the action was removed, it was assigned to Judge Snyder. Dkt. 3. On March 10, 2015, Judge Snyder issued *sua sponte* an Order to Show Cause re: Lack of Subject Matter Jurisdiction. Dkt. 6. On March 11, 2015, Plaintiff filed a Motion to Remand ("Motion"), which also asserted that there is no federal subject matter jurisdiction over this action. Dkt. 8. The case was subsequently transferred to this Court pursuant to General Order 14-03 because it is related to the aforementioned FDCPA action. Dkt. 9.

On March 16, 2015, Defendants filed a Response to the Order to Show Cause ("Response"). Dkt. 14. They raised two additional grounds for jurisdiction. First, they claimed that this action should be consolidated with the FDCPA action pursuant to Fed. R. Civ. P. 42(a). *Id.* at 2. Second, they claimed that "[t]he true debtors and liable parties are the Title 5 USC 552A(a)(13) regarded entities with the elected

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-01452 JAK (SSx) | Date | April 8, 2015 |
|---|---|---|---|
| Title | Eagle Vista Equities, LLC v. Ricardo Vielma, et al. | | |

classifications of associations taxable as corporations. SANDRA VIELMA, a foreign *situs* trust, is owned by the subscriber STATE OF CALIFORNIA and RICARDO VIELMA, a foreign *situs* trust, is owned by the UNITED STATES." *Id.* at 4. On April 6, 2015, Plaintiff filed a Reply arguing that "there are effectively no overlapping title issues between the Unlawful Detainer action and Defendants' civil action." Dkt. 15 at 4.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, this matter is appropriate for decision without oral argument.[1]  For the reasons stated in this Order, the Order to Show Cause is not discharged, and this action is **REMANDED** to the Los Angeles Superior Court.[2]

**II.    Analysis**

      A.    Legal Standard

Federal courts are ones of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For this reason, a determination of subject matter jurisdiction must be made before the merits of a case can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). If at any time before final judgment a district court determines that it is without subject matter jurisdiction, a removed action must be remanded to the state court in which it was originally filed. 28 U.S.C. § 1447(c). The party removing an action bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Where doubt regarding the right to removal exists, a case should be remanded to state court," because "it is well established that the plaintiff is master of her complaint and can plead to avoid federal jurisdiction." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

      B.    Application

Defendants fail to show that there is federal jurisdiction over this matter. None of the bases claimed in their Notice of Removal or Response establishes federal jurisdiction.[3]

*First*, the alleged lack of due process raised by Defendants is not a proper basis for removal. Under the "'well-pleaded complaint rule,' federal jurisdiction exists only when a federal question is presented on the

---

[1]  Because the issues raised in the Motion are addressed by this Order due to Defendants' failure to show cause for removal, the Motion is **MOOT**.

[2]  Although Eagle Vista's unlawful detainer action is remanded pursuant to this Order, the Court retains jurisdiction over the action brought by the Vielmas, LA CV14-9807-JAK (SSx). The hearing on the motions to dismiss brought by the defendants in that action, which are scheduled for hearing on April 27, 2015 at 8:30 a.m., will proceed.

[3]  In addition, it does not appear that Defendants' removal of this action 66 days after they were served with the summons and complaint was timely. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."). Because Plaintiff does not raise this issue in its Motion, it is waived for purposes of this Order. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional," but "the time limit is mandatory and a timely objection to a late petition will defeat removal," subject to certain exceptions).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-01452 JAK (SSx) | Date | April 8, 2015 |
|---|---|---|---|
| Title | Eagle Vista Equities, LLC v. Ricardo Vielma, et al. | | |

face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Anticipated federal defenses, including constitutional ones, are not a source of federal jurisdiction. *See Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). The Complaint does not, on its face, present any federal question. "An unlawful detainer action arises solely under state law. Thus, an unlawful detainer claim such as the one asserted by Plaintiff here does not raise a federal question." *Fed. Home Loans Mortgage Corp. v. Ngoc Lan C. Le*, 2012 WL 1681976, at *2 (E.D. Cal. May 14, 2012) (citation omitted). Defendants do not carry their burden to show that federal question jurisdiction exists over this matter.

*Second*, Fed. R. Civ. P. 42(a) allows consolidation of "actions before the court." An improperly removed action is not "before the court" for purposes of this Rule, and may not be consolidated with a case that is pending in order to avoid remand. *See U.S. Bank Nat. Ass'n ex rel. LXS 2006-16N Trust Fund v. Gonzales*, 2011 WL 1113964, at *6 (E.D. Cal. Mar. 23, 2011) (citing *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (per curiam)), *report and recommendation adopted*, 2011 WL 3418407 (E.D. Cal. Aug. 3, 2011). Nor does 28 U.S.C. § 1367, which permits courts to exercise supplemental jurisdiction over some state law claims, allow removal of claims asserted in a separate federal action. *Residential Funding Real Estate Holdings, LLC v. Chavez*, 2010 WL 3220065, at *1 (C.D. Cal. Aug. 12, 2010) (citing cases). Neither Rule 42(a) nor § 1367 provides jurisdiction over the removed action.

*Third*, Defendants' claim that the "true debtors and liable parties" are foreign *situs* trusts with the same names as Defendants is not supported by the face of the Complaint. Nor have Defendants shown that, even if this claim were substantiated, there would be federal jurisdiction. Although a court may under some circumstances consider extra-pleading materials in evaluating whether jurisdiction is proper, *see Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004), no such materials have been presented.

*Finally*, Defendants have not shown diversity jurisdiction under 28 U.S.C. § 1332. Defendants have not shown that the parties are of diverse citizenship, or that the Complaint's demand of an amount "not [to] exceed $10,000" should be disregarded. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.") (citation omitted); *see also RJ Moon Inc. v. Ashraf*, 2013 WL 4451077, at *2 (C.D. Cal. Aug. 16, 2013) ("[t]he amount in controversy in an unlawful-detainer action is ... determined by the amount of damages sought in the Complaint, not by the value of the subject property.") (citation omitted).

For all of these reasons, Defendants have not carried their burden to show federal question jurisdiction, diversity jurisdiction, or jurisdiction on any other grounds. Therefore, there was no basis for removal and the action must be remanded. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-01452 JAK (SSx) | Date | April 8, 2015 |
|---|---|---|---|
| Title | Eagle Vista Equities, LLC v. Ricardo Vielma, et al. | | |

**III.    Conclusion**

For the reasons stated in this Order, this action is **REMANDED** to the Los Angeles Superior Court at its Stanley Mosk Courthouse.

**IT IS SO ORDERED.**

_____    :    _____

Initials of Preparer    ak